OPINION OF THE COURT

Per Curiam.

Order dated January 4,1982 insofar as appealed from is affirmed, with $10 costs.
*948 Plaintiff, Savemart, Inc., retailer of television sets and appliances, upon delivery of merchandise to a customer, received what purported to be a teller’s check issued by the defendant, the Bowery Savings Bank. Bowery had stopped. payment on the check because it was one of 1,000 missing blank checks, printed in the form of teller’s checks, which were lost or stolen prior to or during shipment to Bowery. While the check was signed “Jerry Smith”, Bowery claims that it employs no teller by that name. Special Term denied both plaintiff’s motion for summary judgment on the instrument and Bowery’s cross motion for summary judgment.
A teller’s check is a check drawn by a savings bank on its account with a commercial bank (9 NY Jur 2d, Banks, § 355). Like a cashier’s check (a check drawn by a bank upon itself), a teller’s check is signed by a bank official and is a primary obligation of the issuing bank to the payee (Manhattan Imported Cars v Dime Sav. Bank of N. Y., 70 Misc 2d 889 [App Term]; Moon Over the Mountain v Marine Midland Bank, 87 Misc 2d 918, 922). A teller’s check is generally treated in the commercial world as a cash equivalent (9 NY Jur 2d, Banks, § 355; Manhattan Imported Cars v Dime Sav. Bank of N. Y., supra).
In the case now before us, the “teller’s check” was not signed by a bank official and was thus not validly issued. Since “[n]o person is liable on an instrument unless his signature appears thereon” (Uniform Commercial Code, § 3-401, subd [1]), Bowery cannot be held liable on this instrument. While subdivision (1) of section 3-404 of the Uniform Commercial Code provides that a party may be precluded from denying an unauthorized signature, the official comment to this section explains that the purpose of this section is to recognize the possibility of an estoppel where a person whose name is signed expressly or tacitly represents to an innocent purchaser that the signature is genuine (Uniform Commercial Code, § 3-404, subd [1], Comment 4, p 246). Since no such facts were here alleged by plaintiff, Bowery is not estopped from asserting that the signature herein is a forgery (Uniform Commercial Code, § 1-201, subd [43]). Accordingly, Civil Court’s denial of *949 plaintiff’s motion for summary judgment on the instrument was correct.
Civil Court’s denial of defendant’s cross motion for summary judgment was also correct. Section 3-406 of the Uniform Commercial Code provides that “[a]ny person who by his negligence substantially contributes to * * * the making of an unauthorized signature is precluded from asserting the * * * lack of authority against a holder in due course”. Since Bowery failed to explain the circumstances surrounding the loss or theft of checks and the precautions taken to prevent damage to third parties, Civil Court found that a triable issue of fact was presented as to Bowery’s possible negligence.
Bowery argues that a finding of negligence is precluded by the fact that Bowery owed no duty to Savemart. Teller’s checks and cashier’s checks, however, have consistently been held to be cash equivalents (Manhattan Imported Cars v Dime Sav. Bank of N. Y., supra; Kaufman v Chase Manhattan Bank, 370 F Supp 276). As such, they are more readily accepted in the commercial world than personal checks because the bank becomes a guarantor of their value and because the bank cannot stop payment on them when validly issued (see Kaufman v Chase Manhattan Bank, supra, p 279). Since a bank issues these checks in furtherance of its business and wishes the public to accept them without question (Moon Over the Mountain v Marine Midland Bank, supra, p 923), it is not unfair to impose upon the bank a duty to protect innocent third parties by securing its checks and thus minimizing the risk of forgery. Since the facts before us are not dispositive of the issue of Bowery’s possible negligence, and since the issue of negligence under section 3-406 of the Uniform Commercial Code is one for the “court or the jury on the facts of the particular case” (Uniform Commercial Code, § 3-406, Comment 7, p 263). Civil Court correctly denied Bowery’s cross motion for summary judgment.